UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

--------------------------------------------------------------- x

ANDRE HUDSON,                                    :
                                                 :
                        Plaintiff,               :
                                                 :       **MEMORANDUM AND**
        -against-                                :       **ORDER**
                                                 :
UNITED STATES OF AMERICA,                        :       3:25-CV-646 (VDO)
                                                 :
                        Defendant.               :
--------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

On April 23, 2025, Petitioner Andre Hudson (hereafter "Petitioner") commenced this motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (the "Motion").[1] The Petitioner seeks relief on two grounds: (1) 18 U.S.C. §§ 922(g)(1), the statute under which he was originally convicted, is unconstitutional as applied to him, and (2) Petitioner was denied effective counsel for failure to raise these claims, thus violating his Sixth Amendment rights.[2] The United States of America opposes the Motion.[3] For the following reasons, the Motion is **DENIED**.

I.      **BACKGROUND**

As relevant here, Petitioner has a criminal history dating back to 1996, which includes felony convictions in the State of Connecticut for Possession of Narcotics (1997), Weapon in a Motor Vehicle (which was a firearm) (1999), Sale of a Hallucinogen/Narcotics (2000), Failure to Appear in the 1st Degree (2000), Larceny 1st Degree (2002), Possession of Narcotics

---

[1] Mot. to Vacate, ECF No. 1.

[2] *Id*. at 5, 8.

[3] Opp'n, ECF No. 10.

(2005), and Sale of a Hallucinogen/Narcotics (2007).[4] Petitioner also has federal convictions in the District of Connecticut for Conspiracy to Possess with Intent to Distribute 50 grams of more of cocaine base (2007) and the District of Vermont for Possession with Intent to Distribute Heroin and Cocaine base (2019).[5] Petitioner also has numerous misdemeanor convictions.[6]

On April 28, 2022, Petitioner pled guilty in accordance with a written plea agreement to one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[7] Petitioner further admitted that he had violated the terms of supervised release in the same proceeding.[8] Petitioner was sentenced on August 31, 2022.[9] On appeal, Petitioner challenged the lower court's implementation of a four-point guideline enhancement and claimed that his "counsel was ineffective for failing to argue that marijuana distribution was exempt… and such failure prejudiced [his] ability to avoid the [four] point enhancement."[10] The Second Circuit rejected Petitioner's ineffective counsel claim for failure to establish prejudice. *United States v. Hudson*, No. 22-2023, 2024 WL 1663257, at *2 (2d Cir. Apr. 18, 2024) (summary order).

---

[4] *See United States v. Hudson*, 3:22-CR-22 (JAM), Presentence Investigation Report, ECF No. 30 ¶¶ 36–53.

[5] *Id.*

[6] *Id.*

[7] ECF No. 10 at 1–2.

[8] *Id.* at 2.

[9] *Id*.

[10] ECF No. 1 at 2.

Petitioner has been incarcerated since October 5, 2022[11] and is currently located at Butner Medium I, FCI, in North Carolina with a release date set for May 11, 2031.[12] Petitioner now challenges his sentence through the Motion.

## II.    <u>LEGAL STANDARD</u>

Petitioner seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255(a).[13] A prisoner in federal custody may bring a motion to "vacate, set aside, or correct the sentence" of a court on the grounds that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A defendant is procedurally barred from "collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal." *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011). "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Mui v. United States,* 614 F.3d 50, 53 (2d Cir. 2010) (cleaned up).

Where a petitioner's claim has procedurally defaulted for failure to raise on direct appeal, the claim may survive if the party can show "cause for the procedural default *and* ensuing prejudice or … actual innocence." *Thorn*, 659 F.3d at 231 (citing *Bousley v. United*

---

[11] ECF No. 1-1. at 2.

[12] *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 19, 2026). The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).

[13] ECF No. 1 at 1.

*States*, 523 U.S. 614, 622 (1998) (emphasis added)). "In order to demonstrate cause, a defendant must show 'some objective factor external to the defense[.]'" *Gupta v. United States*, 913 F.3d 81, 84 (2d Cir. 2019) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). For a petitioner to demonstrate "actual prejudice," he must "shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). In other words, "a petitioner cannot show prejudice if the claim or objection that an attorney failed to pursue lacks merit." *Harrington v. United States*, 689 F.3d 124, 130 (2d Cir. 2012) (cleaned up).

With respect to pro se litigants, it is well-established that "[p]ro se submissions are reviewed with special solicitude, and must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (cleaned up). However, pro se litigants are still required to comply with Rule 8 of the Federal Rules of Civil Procedure. *See, e.g., Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.") (cleaned up). Rule 8 requires that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (1955) (cleaned up).

III.    **DISCUSSION**

A.      **Constitutionality of 18 U.S.C. § 922(g)(1)**

Petitioner first argues 18 U.S.C. § 922(g)(1), which bars individuals who have "been convicted . . . of a crime punishable by imprisonment for a term exceeding one year" from possessing firearms and ammunition, is unconstitutional as applied to him Second Amendment of the United States Constitution.[14] Specifically, Petitioner asserts that his previous convictions are not "crime[s] of violence" and even if they were, the statute "does not represent a 'longstanding' historical tradition of firearms regulation compatible with the Second Amendment."[15] The Court disagrees.

The Government correctly asserts the claim is procedurally barred, as Petitioner "failed to raise [it] on direct appeal." *Thorn*, 659 F.3d at 231. Petitioner indeed failed to raise this claim both in the district court proceedings and on appeal. Nor can the claim overcome the procedural bar based on Petitioner's showing of "cause for the procedural default and ensuing prejudice or … actual innocence." *Mui,* 614 F.3d at 53 (cleaned up). Here, the Petitioner does not assert "actual innocence"; nor can he demonstrate "cause" and "prejudice." *See Bousley*, 523 U.S. at 622.

In order to show "cause," the "question . . . does not turn on whether counsel erred or on the kind of error counsel may have made. So long as [Petitioner was] represented by counsel

---

[14] ECF No. 1 at 5. Petitioner also challenges the constitutionality of 18 U.S.C. § 924(a)(2), a penalties provision that penalizes violations of, *inter alia*, § 922. *Id* at 5. He does not set forth any substantive reasons as to why § 924(a)(2) is unconstitutional, and instead only bases his arguments on § 922(g)(1) as applied to him. *See id*. 5–8. Seeing as Petitioner's challenge, as a whole, rests on the constitutionality of § 922(g)(1), the Court addresses Petitioner's challenge to § 922(g)(1) only.

[15] *Id*. at 7–8.

whose performance is not *constitutionally ineffective….*" *Murray*, 477 U.S. at 488 (emphasis added). The "mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Id.* at 486. *See also DiGuglielmo v. Smith*, 366 F.3d 130, 135 (2d Cir. 2004) (holding that "to establish attorney dereliction as cause, a petitioner must meet the standards for showing constitutionally ineffective assistance of counsel"); *Carew v. Morton,* 150 F.4th 150, 166 (2d Cir. 2025) (holding that trial counsel's decision not to pursue *Batson* remedy was insufficient to show constitutionally ineffective counsel and petitioner was thus unable to plead proper cause to overcome procedural default); *Jones v. Senkowski*, 42 F. App'x 485, 488 (2d Cir. 2002) (summary order) (finding that a petitioner who failed to establish ineffective assistance of counsel was thus unable to show cause for failure to bring claim in state proceedings).

In reviewing Petitioner's motion, the Court infers that Petitioner seeks to assert cause through the showing of ineffective counsel.[16] *Matheson,* 706 F. App'x at 26. But as considered *infra* Section III.B, *infra*, Petitioner fails to demonstrate a claim for ineffective counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and is thus unable to establish cause.

Petitioner also fails under the "prejudice" prong of the threshold to overcome procedural default, since his constitutional claim would have been rejected by the court. As relevant to asserting prejudice, Petitioner claims that "[h]ad counsel made [an objection as to the constitutionality of the statutes under which he was convicted], Petitioner would not have

---

[16] *See generally id*. at 6, 8. (Petitioner asserts "[h]ad counsel made the objection, Petitioner would not have been convicted and sentenced" and his second ground is on the sole basis of ineffective counsel. As such, it can be inferred, though never using the word "cause," that Petitioner attributes the failure to preserve the claim to underlying counsel.)

been convicted and sentenced for exercising his right to keep and bear arms."[17] To establish prejudice, Petitioner must show "there is a reasonable probability that the result of the [underlying proceedings] would have been different . . . ." *Strickler v. Greene*, 527 U.S. 263, 289 (1999) (cleaned up). The Court considers "not whether the defendant would more likely than not have received a different [outcome]" but instead "whether in its absence he received a fair [proceeding], understood as a [proceeding] resulting in [an outcome] worthy of confidence." *Id*. at 289–90 (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)).

Thus, to assess the possibility of prejudice in the absence of Petitioner's constitutional challenge of § 922(g)(1), this Court must consider whether its inclusion could have altered the outcome in his case. The Court begins with a landscape of Second Amendment doctrine, which has shifted significantly in recent decades. In *District of Columbia v. Heller*, the Supreme Court struck down a statute barring the possession of handguns and held the Second Amendment protects "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." 554 U.S. 570, 635 (2008). But the *Heller* Court made clear that "the right secured by the Second Amendment is not unlimited," and that "nothing in [the Court's] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626. Fourteen years later, the Supreme Court decided *New York State Rifle & Pistol Association v. Bruen*, in which it rejected the "means-end scrutiny" approach many courts had applied since *Heller* in interpreting gun-related regulations, but affirmed *Heller*'s historical tradition analysis. 597 U.S. 1, 17–18 (2022). *Bruen* established the two-step approach that courts currently apply in considering the constitutionality of firearm statutes. At

---

[17] ECF No. 1 at 6.

the first step, courts look to whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 17. If so, "the Constitution presumptively protects that conduct," and courts move on to the second step, where the Government, "[t]o justify its regulation . . . must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id*.

As to the constitutionality of § 922(g)(1), the Second Circuit in *United States v. Bogle*, decided post-*Heller* but pre-*Bruen*, reaffirmed *Heller*'s sentiment concerning the disarming of felons. *See* 717 F.3d 281, 281 (2d Cir. 2013). The Second Circuit in *Bogle* rejected petitioners' challenge of Section 922(g)(1) holding the statute is a "constitutional restriction on the Second Amendment rights of convicted felons." *Id*. In holding that § 922(g)(1) does not violate the Second Amendment, *Bogle* held that "recent developments in Second Amendment jurisprudence should not 'be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.'" *Id*. (quoting *Heller*, 553 U.S. at 626).

Nothing in the reasoning of *Bogle* was affected by the subsequent decision of *Bruen*. *Bogle* did not apply the "means-end test" which was rejected in *Bruen*, and courts in the Second Circuit thus still relied on the decision following *Bruen*. *See, e.g., United States v. Sternquist*, 692 F. Supp. 3d 19, 25–26 (E.D.N.Y. 2023) (rejecting defendant's argument that § 922(g)(1) is unconstitutional on its face and as applied to defendant's nonviolent felony convictions and holding that "*Bogle* did not apply the means-end interest balancing analysis rejected by *Bruen* [so] nothing in *Bruen* alters the rationale of *Bogle*") (cleaned up); *United States v. Garlick*, No. 22-CR-540, 2023 WL 2575664, at *5 (S.D.N.Y. 2023) (same); *United States v. Dancy,* 744 F. Sup. 3d 165, 168 (D. Conn. 2024) (holding that *Bogle* "remain[ed] binding upon this Court and section 922(g)(1) is constitutional on its face and as applied to Defendant" therein).

Petitioner's claim that counsel's failure to challenge § 922(g)(1) led to his conviction is inconsistent with the holding of *Bogle*, which governed the District of Connecticut at the time of sentencing. As discussed above, *Bruen* had no effect on the holding of *Bogle*, which would have made Petitioner's constitutional challenge moot. Thus, the absence of Petitioner's constitutional challenge failed to produce a proceeding unworthy of confidence sufficient to establish prejudice. See *Strickler*, 527 U.S. at 289. *See also Nickels v. Conway*, No. 10-CV-413, 2015 WL 4478970, at *12 (W.D.N.Y. July 22, 2015) (applying the cause and prejudice test and holding that the petitioner "cannot show prejudice because the claim is plainly without merit."). The failure to raise Petitioner's constitutional challenge, which would have been rejected under *Bogle*, fails to rise to the level of prejudice required to overcome the procedural default rule. Petitioner's claim is accordingly procedurally barred for failing to meet the "cause" and "prejudice" test.

The Second Circuit's recent decision in *Zherka v. Bondi* reaffirms that Petitioner's challenge of § 922(g)(1) fails on its merits. 140 F.4th 68 (2d Cir. 2025). *Zherka* dealt with an analogous case in which an appellant contested the constitutionality of § 922(g)(1) as applied to him. *Id*. at 72. *Zherka* reiterated *Bogle*, which "upheld Section 922(g)(1) as facially constitutional" and denied Zherka's as-applied challenge since the statute is "consistent with the Supreme Court's assurance in *Heller* that longstanding prohibitions on the possession of firearms by felons are presumptively lawful." *Id.* at 75, 94 (cleaned up).

While Petitioner is correct in asserting, he is one of "'the people'… who is protected by the Second Amendment of the United States Constitution,"[18] "Congress nevertheless has

---

[18] ECF No. 1 at 5.

the authority to disarm [him]." *Id.* at 76. "[H]istory reveals a tradition of categorical legislative bans on firearms possession by classes of people perceived as dangerous[.]" *Id.* at 93. "People who have been convicted of all felony crimes, not just violent crimes, have violated the 'basic terms of the social contract,' so Congress could reasonably and constitutionally conclude that such people lack the 'character of temperament necessary to be entrusted with a weapon.'" *United States v. Buckley*, No. 25-266, 2026 WL 160881 at \*1 (2d Cir. Jan. 21, 2026) (citing *Zherka*, 140 F.4th at 94) (summary order). Petitioner is thus within the exact "classes of people" who Congress can constitutionally disarm, "regardless of whether crime of conviction is nonviolent." *Zherka* 140 F.4th at 93.

Petitioner, in arguing that his "convictions are not the type of convictions that can authorize the federal government to strip [him] of his right to keep and bear arms,"[19] relies on the Third Circuit's decision in *Range v. Att'y Gen. U.S.,* 69 F.4th 96, 98 (3d Cir. 2023), *vacated sub nom. Garland v. Range*, 144 S. Ct. 2706 (2024) *remanded to,* 124 F.4th 218 (3d Cir. 2024).[20] In *Range,* the Third Circuit held § 922(g)(1) was unconstitutional as applied to the plaintiff therein. 124 F.4th at 232. Specifically, the plaintiff in *Range* was convicted for a misdemeanor based on "making a false statement on an application for food stamps…." *Id.* at 231. The Third Circuit, after further consideration on remand, held that the Government failed to carry its burden of showing "principles underlying the Nation's historical tradition of

---

[19] ECF No. at 7.

[20] *Id.* at 6. *Range*, 69 F.4th has since been remanded and redecided. *See Range v. Attorney Gen. U.S.,* 124 F.4th (3d Cir. 2023). However, both Petitioner and the Government still cite the prior court ruling which has been vacated. This addresses only the Third Circuit's latest ruling.

firearms regulation" to support disarming Range. *Id*. at 232. § 922(g)(1) was thus held to be unconstitutional as applied to the plaintiff. *Id*.

But Petitioner's reliance on *Range* is misplaced. If this Court were to follow the Third Circuit's reasoning, that would not alter the decision here, as this case is factually distinct from *Range*. As the Government points out, "Range was convicted of a misdemeanor offense and [Petitioner] has been convicted of [multiple] felonies."[21] Further, the Third Circuit limited the scope of its decision when it categorized its "decision [as] a narrow one" because Range "challenged the constitutionality of § 922(g)(1) only as applied to him given his violation of [the Pennsylvania law that resulted in his misdemeanor conviction]" and sought to reclaim his Second Amendment right "[m]ore than two decades after [his conviction]." *Id*. at 232. Petitioner's most challenged conviction, on the other hand, is one for a felony and is less than five years old. Accordingly, *Range* does not alter the outcome here.

For the above reasons, the Court would have denied Petitioner's constitutional argument as originally held in *Bogle* and subsequently reaffirmed by *Zherka*. Because the claim would've failed on its merits, it is procedurally barred for failing to meet the prejudice requirement.

## B.    Ineffective Assistance of Counsel

Petitioner also argues that he received ineffective assistance of counsel in violation of the Sixth Amendment. As mentioned before, Petitioner asserts that his "Counsel erred by

---

[21] ECF No. 10 at 11.

failing to object to the constitutionality of … § 922(g)(1)" both during the initial proceedings and on direct appeal.[22] The Court rejects this argument.

Claims of ineffective counsel are subject to a two-prong test as established in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Under *Strickland*, '[a]n ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense.'" *Gross v. Graham*, 802 F. App'x 16, 18 (2d Cir. 2020) (quoting *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)). With regards to deficiency, petitioner must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment," and "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The Court, in assessing "counsel's performance, must be highly deferential" and in doing so, "every effort be made to eliminate the distorting effects of hindsight." *Id*. at 689.

When "considering the reasonableness of counsel's failure to object," the Court may "'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Cox v. Donnelly*, 387 F.3d 193, 198 (2d Cir. 2004) (quoting *Strickland*, 466 U.S. at 689). Courts have "flexibility in how it decides a claim of ineffective assistance. '[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.'" *Carmichael v. Chappius*, 811 F. App'x 41, 43–44 (2d Cir. 2020) (quoting *Strickland*, 466 U.S. at 697).

---

[22] ECF No. 1 at 8.

Petitioner argues he was denied effective assistance of counsel due to his counsel's failure to object to the constitutionality of § 922(g)(1).[23] In assessing Petitioner's claim of ineffective counsel, the Court has discretion in which factors of the *Strickland* test it considers. The "court need not first determine whether counsel's performance was deficient before examining the prejudice suffered…. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." *Strickland*, 466 U.S. at 670. Petitioner fails under the prejudice prong of the *Strickland* test "because, even if his counsel's failure to preserve his…claim was objectively unreasonable, there is no reasonable probability that, but for that failure, the result of [his]…proceedings would have been different." *Parker v. Ercole*, 666 F.3d 830, 835–36 (2d Cir. 2012). *See also Quail v. Farrell*, 550 F. Supp. 2d 470, 476 (S.D.N.Y. 2008) (holding that "the failure to raise meritless claims does not constitute ineffective assistance of counsel") (cleaned up).

The Petitioner fails to establish prejudice, under the *Strickland* test, for the same reasons he fails to establish prejudice for purposes of the procedural default rule, discussed above. In other words, he cannot show prejudice under the *Strickland* test because his constitutional claim would have been rejected. *See* Section III.A, *supra*. While the prejudice analysis under the "cause and prejudice" test for a procedurally defaulted claim is distinct from that of the second prong in *Strickland*, the tests are similar for purposes of the Court's analysis here. Under the *Strickland* standard, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument. Counsel is not obliged to advance every nonfrivolous argument that could be made." *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001).

---

[23] *Id*.

Petitioner's counsel's objection to § 922(g)(1) and subsequent preservation of the claim, would not have altered the outcome of Petitioner's case. As discussed, under the Second Circuit's rulings in *Bogle*, later upheld by *Zherka*, § 922(g)(1) is constitutional. *Zherka*, 140 F.4th at 93. Any objection to the constitutional posture of the statute would not have altered the outcome of Petitioner's proceedings, therefore failing to meet the prejudice prong of the *Strickland* test.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Petitioner's Motion is **DENIED.** The Clerk of Court is respectfully directed to close this case.

<b>SO ORDERED.</b>

Hartford, Connecticut
April 15, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

14